**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

PARNELL R. MAY                                                                    PLAINTIFF

VS.                                    NO.    4:21-cv-255 LPR-PSH

TIMS, CONNERS, et al.                                                      DEFENDANTS

**BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S**
**MOTION FOR PRELIMINARY INJUNCTION**

The standard in this circuit for reviewing a motion for a preliminary injunction was established in *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2s 109, 113 (8th Cir. 1981) (en banc). The Court must consider the following factors:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id*. No single factor is dispositive, but the movant must establish a threat of irreparable harm. *Id*. Without a finding or irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

In *Goff v. Harper*, 60 F.3d 518, 520-21 (8th Cir. 1995), the court addressed the district court's role in inmate applications for injunctive relief as follows:

> [I]n the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration...[t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.

Plaintiff has failed to allege sufficient facts necessary to require the issuance of a temporary

1

restraining order or a hearing. Here, the Plaintiff has failed to meet his burden of proving that a preliminary injunction should be issued. Plaintiff has provided no documentation, medical or otherwise, that he will sustain irreparable harm if he is not provided with the requests he made in his motions.

Because the burden of proof rests entirely with the movant, and because the Plaintiff has failed to offer any evidence demonstrating the need for a temporary restraining order, Plaintiff's request for relief should be denied.

Respectfully submitted,

DEPUTY TIMS and SGT. CONNORS, Pulaski County Defendants

Melissa K. Dugger, Ark. Bar No. 2017150
ASSOCIATION OF ARKANSAS COUNTIES
RISK MANAGEMENT SERVICES
Attorney for Pulaski County Defendants
1415 W. Third Street
Little Rock, Arkansas 72201
Telephone: (501) 375-8805
Email: mdugger@arcounties.org

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2021, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I mailed the document by United States Postal Service to the following non-CM/ECF participant:

Mr. Parnell R. May
Pulaski County Jail
3201 W. Roosevelt Road
Little Rock, AR 72204

/s/Melissa K. Dugger
Melissa K. Dugger, Bar No. 2017150
Attorney for Defendants

2