In the United States District Court for the Eastern District Arkansas Central Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 06 2022
TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

Parnell R. May

Vs.

Deputy Kouhun Tims, et al.

Case #: 4:21-CV-00255-LPR-PSH

- Plaintiff

- Defendant

## Plaintiff's Response "Brief" to Defendant's Motion for Summary judgment, under Local Rule 56.I.

First of all, this court, should Not grant the defendant's Motion for Summary judgment, based upon the fact, that, according with due process of the Law, Parnell R. May has a Right to a jury trial so that the jury can reasonably decide the factual issues, involved in this case, in Accordance with Rule 56(c)(2), Fed. R. Civ. P. "If there is No genuine factual issue, summary judgment does Not violate the Right to a jury trial, since the purpose of trials is Only to decide factual issues. See Plaisance Vs. Phelps, 845 F.2d 107, 108 (5th Cir. 1988).

There exist, very serious Material factual issues of extreme excessive use of Serious physical force, which did cause serious physical injuries and pain, and it was, Reasonably unnecessary for the circumstances, at that moment, where there was No physical threat of violent harm or flight Risk, and Also the Sgt. Conner's failure, to, properly intervene in the March 21, 2021 incident, (Doc#9 Page 4), Accordingly, in Regard, of the, excessive force, Retaliation claims against Deputy Tims and the deliberate indifference claims against Mr. Barth Lowe, of Turnkey Health Care, which was sub-contracted at the Pulaski County Regional Detention Facility, (PCRDF), Accordingly.

The Plaintiff Parnell R. May did suffer, actual physical injuries to the back and Left Knee, by the very excessive use of serious physical force, that was inflicted by the Deputy Tims, on March 21st 2021, after Parnell R. May, had filed a P.R.E.A. complaint about Sexual harassment, against Deputy Tims, on March 20th 2021, which was the day before, Deputy Tims inflicted the excessive use of serious physical force, that, was reasonably unnecessary for the circumstances, whereas, Parnell R. May had stuck his Left Leg out of a 5 x 15 inch panhole, in protest of the Deputy Tims Presences, and Requested for the Deputy Tims to call for his Superiors, so that they could address the fact, that Deputy Tims had Sexually harassed Parnell R. May, the day before, and, should not be serving food to Parnell R. May or be around Parnell R. May until proper P.R.E.A. investigation, measures were completed to assure safty, and order, accordingly. The Plaintiff, files this Separate statement of such genuine issues of Material facts that the defendants claims, prevent the court from granting summary judgment, accordingly by due process

## Brief in Opposition to Defendant's Summary Judgment Motion

The entire excessive force incident, is caught on Audio/video footage, and has been placed in the possession of the United States District Court, with the Clerks office, Please see (Doc #47 pages 1 and 2) where it will, confirm that the defendants also filed a copy of the video with the Clerk's Office, as well as the Plaintiff had received a copy via, U.S. postal service, as of November 12, 2021. The following is, A Statement of the disputed facts, accordingly,

Summary judgment is granted only if the Record before the court shows that there is No genuine issue as to any material fact, and that the movant is entitled to A Judgment as a matter of Law, Rule 56 (c)(2) Fed. Civ. P., and "Summary Judgment Cannot be granted just because a party does not respond to a Summary Judgment Motion, the moving party still has to show that it is entitled to win based on the Record. See Reed Vs. Bennett, 312 F. 3d 1190, 1194-95 (10th Circuit 2002); Martinez Vs. Stanford, 323 F. 3d 1178, (9th Cir. 2003); Amoker Vs. Foley, 274 F. 3d 677, 681 (2d Cir. 2001).

A Material fact is one that, "might affect the outcome of the suit under the governing Law". factual disputes that are irrelevant or unnecessary will not be counted, A genuine issue exist, "if evidence is such that a reasonable jury could Return a verdict for the Non-moving party, (as the Plaintiff Parnell R. May in this case of excessive force and deliberate indifference, failure to protect claims, See Anderson Vs. Liberty Lobby, Inc., 477 U.S. at 248. (i.e., if defendants move for summary judgment, the court should accept your version (the Plaintiff Parnell R. May's version) of the facts, Circumstantial evidence can create an issue of material fact barring summary judgment, See Fischl Vs. Armitage, 128 F. 3d at 56; Smith Vs. Maschner, 899 F. 2d 940, 949 (10th Cir. 1990) "Plaintiff's Retaliation claim, supported by suspicious timing of his discipline, coincidental transfers of his witness and assistants, and alleged pattern by defendants of blocking his access to legal materials and assistance," just as the Plaintiff Parnell R. May was denied Medical Care and treatment for Nearly 5 days After the March 21st 2021, excessive force incident, accordingly, It was an organized effort to cover-up, what had happened to Parnell R. May, in Regard of the back and Left knee injuries, that were caused by Deputy Tims, Retaliation by excessive use of unecessary serious physical force, against Parnell R. May, for wanting Deputy Tims, to call his Superiors to come down to the T-Unit, and address Parnell R. May's P.R.E.A. complaint about Sexual harassment by Deputy Tims accordingly.

In determining whether there is a genuine issue of Material fact, the court must view all facts, and make all Reasonable inferences in favor of the Non-moving party. See Matushita Vs. Electric Industrial Co., Ltd Vs. Zenith Radio Corp, 475 U.S. 574, 578, 106 S. Ct. 1348 (1986), Also See Fischl Vs. Armitage, 128 F. 3d 50, 56-59 (2d Cir 1997) "Showing proper and improper inferences from Record in prisoner Assault Case, and also See, Wilson Vs. City of Chicago, 707 F. Supp. 379, 381-82 (N.D. ILL. 1989) "Summary judgment could not be granted to police supervisor whose conduct permitted the inference that he condoned or encouraged excessive force", as Sgt Conners did in this Case accordingly.

Accordingly the Circumstantial evidence that creates this issue of a Material fact that Parnell R. May was denied adequate Medical Care and Treatment, for his serious Medical need, in Regard of the back and Left Knee injuries that were inflicted by Deputy Tims on March 21st 2021, and After the incident, the Sgt Conners, and Ms Bertha Love failed by delaying in getting Medical attention, for Parnell R May's back and Left Knee injuries which were very urgent and did Result in Parnell R. May, Suffering in extreme pain, for days, which Amount to deliberate indifference, See, Loe Vs. Armistead, 582 F.2d 1291, 1296 (4th Cir. 1978) "holding that An 11-hour delay in examining inmates painfully swollen and obviously broken Arm Amounted to deliberate indifference". Van Cleave Vs. United States, 854 F.2d 82, (5th Cir 1988), "24-hour delay in treating injuries that occured during Arrest". Cooper Vs. Casey, 97 F.3d 914, 917 (7th Cir 1996) "discussing whether inmates were in sufficient pain to entitle them to pain medication for first 48 hours after beating was issue for Jury."

Delay of Access to Medical treatment, See Estelle Vs. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976). Such conduct may include Interference with access to medical personnel, OR, failure of medical personnel to deal with the prisoner's problem or to do so ~~...~~ timely.

Ms. Bertha Love, "Allegedly" a Non-medical personnel did have knowledge of Parnell R. May's back and Left Knee injuries, that, he had received on March 21st 2021, by the Deputy Tims excessive force inflicted to Parnell R. May, where Ms. Bertha Love, was given Notification, by the Kiosk, yet she failed to Act but there is evidence that Ms. Bertha Love, did Know of Parnell R. May's Serious Medical needs afore-mentioned. Please See the Documentary Evidence of the Plaintiff's Medical Records flaw sheet, where it has been abstracted partially, so as to, demonstrate, the fact that Ms. Bertha Love did have knowledge of Parnell R. May's Serious Needs of Medical Care and treatment where her Name is displayed on the Page 6 of the Plaintiffs, Exhibits, which would be "Exhibit D". See; Clement Vs. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) "Correction staff could be found to have actual knowledge of prisoner's need for decontamination from pepper spray where officers themselves stepped out for fresh air, prisoners were heard coughing and gagging and made repeated Requests for medical attention", As the Plaintiff Parnell R. May's case, where; Ms. Bertha Love had actual knowledge of Parnell R. May's need for, Serious Medical treatment Care, and Attention, Since March 22nd 2021, where Parnell R. May did Repeatedly Request for such Medical attention, by the Kiosk, And verbal Request to Staff and the defendant's Deputy Tims, Sgt. Conners, and Ms. Bertha Love, was Named by other Staff personnels at the (PCRDF) that, Ms. Bertha Love was Responsible for, screening and/or, Receiving all my sick calls And Medical Requests, and Medical Grievances Accordingly, ever since, I made Request for Serious Medical treatement Care and attention, for my (Parnell R. May's) back and Left Knee injuries, that, were caused by the Deputy Tims action, of excessive force that was inflicted, for, a very unnecessary Rea-son, of having his Left Leg stuck outside the 5×15 panhole, in An effort to have the Supervisor to come to the T-Unit and find out what was the reason for Parnell R. May's action, accordingly,

The court is not supposed to decide disputed facts, (such as the Retaliatory use of excessive force and the supervisory conduct which approved condoned and/or encouraged the excessive forces against Parnell R. May as well as the deliberate indifference to Parnell R. May's Right to Receive adequate Medical Care and treatment on March 21st 2021, for Parnell R. May's very Serious Medical needs, which was the back and left knee injurie that was inflicted on Parnell R. May by the Deputy Tims Wanton Actions of excessive force against Parnell R. May on that date of March 21st 2021, accordingly, See Masson Vs. New York Magazine, Inc., 501 U.S. 496, 520 III S. Ct. 2419 (1991): Anderson Vs. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505 (1986): Wilson Vs Williams, 997 F.2d 348, 350-51 (7th Cir 1993): Gray Vs. Spillman, 925 F.2d 90, 95 (4th Cir 1991): Titran Vs. Ackman, 893 F.2d 145, 147 (7th Cir. 1990).

The court is supposed to decide a Summary Judgment motion based on facts that are properly put before it, this usually means, facts stated on personal knowledge in sworn affidavits or declarations under penalty of perjury, See Rule 56 (e)(1). Fed. R. Civ. P. "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidences, and show that the affiant is competent to testify on the matter stated". "A federal statute provides that in federal court proceedings written declarations made under penalty of perjury are acceptable in lieu of notarized affidavits., 28 U.S.C. Section 1746." Declarations or affidavits by prisoners have the same status as those by anyone else, and it is improper to discount or disregard them on summary judgment." See Scott Vs. Coughlin, 344 F.3d 282, 289 (2nd Cir. 2003): Carroll Vs. Yates, 362 F.3d 984, 985 (7th Cir. 2004): Taylor Vs. Rodriguez, 238 F.3d 188, 195 (2nd Cir. 2001) "Prisoners affidavit was sufficient without corroboration by other affidavits or documentation." Wilson Vs. Williams, 997 F.2d 348, 350- -351 (7th Cir 1993) "Rejecting district court's view that the plaintiff's affidavit could not establish a material factual issue." Harris Vs. Ostrout, 65 F.3d 912, 916-17 (11th Cir. 1995) "Noting that lower court had "overlooked" prisoner's affidavits." Gawloski Vs. Dallman, 803 F. Supp. 103, 111 (S.D. Ohio 1992): Rembert Vs. Holland, 735 F. Supp. 733, 737-38 (W.D. Mich 1990).

Please See (Doc # 12-0 Pages 6, 7, 8, 9, 10, 11, 12, 13, and 15), Also See (Doc # 42 Pages 1 and 2).

Also, as it was held in caselaw authority of, Alsina-Ortiz Vs. Laboy, 400 F.3d 77, 83 (1st Cir 2005) "holding guard who knew of prisoner's prolonged, manifest and agonizing pain (as Parnell R. May) and did nothing to get care for him (as Parnell R. May) that, the Guard (as Deputy Tims Sgt Connors, as well as Ms. Bee- -the Lawe) could be found deliberately indifference", accordingly.

There is physical evidence, to, prove the facts by a preponderance of the evidence, which will show that the facts are very more likely true than not true, accordingly, the Plaintiff has actual video footage, showing the approximately 5 minutes, of the very incident of the excessive force being inflicted against, Parnell R. May who is behind the steel doors of the Cell Room # 415 that was safely locked, and with only one leg stuck out the 5 x 15 inch Pan hole, that, could not cause any serious physical harm or injury to the Deputy Tims, Nor, to Parnell R. May in such a manner, as the injuries, —

—, to the left knee and back of Parnell R. May was inflicted to, by the unnecessary use of such excessive physical force, so as to, try and get Parnell R. May's Left Leg back inside of the 5x15 pawhole, whereas, Parnell R. May and other inmates begged Deputy Tims to just Call for assistance, in regard of Parnell R. May's foot and Leg being stuck outside of the pawhole, wherefore Parnell R. May wanted to talk to a higher Ranking Staff Member of the (PCRDF) about the sexual harassment issue, involving Deputy Tims, which was the reason for, Deputy Tims blatant actions, of inflicting the excessive physical force that was unnecessary against Parnell R. May on March 21st 2021, accordingly, it was, in Retaliation Against Parnell R. May whom did file a P.R.E.A. Complaint the day before against Deputy Tims, on March 20th 2021, . Sgt. Musaddiq, was the acting P.R.E.A. Coordinator, who did conducted the P.R.E.A. investigation interview with Parnell R. May on April 26th 2021, at around 10: am that, morning, and he will be called to testify, accordingly, aswell as, the Sgt's who took the Report of the P.R.E.A. Complaint of Sexual harassment from Parnell R. May on March 20th 2021, which was the day before the retaliatory excessive force incident, by Deputy Tims, Accordingly, The two Sgts who took the report of the P.R.E.A. complaint of Sexual harassment from Parnell R. May were, Sgt. Bullock and Sgt Evans and they will be called to testify accordingly, as well as there are others, that, are employees and guards at the (PCRDF) that, shall be called forth, by the Plaintiff, to testify of their personal knowledge of specific factors and events, that, will support the Plaintiff's Claim, where that, It will convince any reasonable minded jury that, Deputy Tims did Violated against Parnell R. May's Rights Constitutionally, by the use of unnecessary excessive force that did cause physical injuries and Pain to Parnell R. May, and that Sgt. Conners did failed to Protect Parnell R. May Accordingly Aswell as All three of the defendant's Deputy Tims, Sgt. Conners and Mrs. Bertha Lowe, was deliberate indifference to Parnell R. May's Serious Medical needs Accordingly, And, there exist, absolutely overwhelming Physical evidence Video footage, and Medical data facts documented in Medical Records and Reports So As to, support and establish these facts to be very more Likely true than Not true, Accord-ingly. This court may not grant Summary Judgment because It thinks that Parnell R. May's assertions about the excessive force Incident and his injuries are inconsistent with the Medical Records and data facts, See Scott Vs. Coughlin, 344 F.3d 282, 289-90 (2nd Cir. 2003) "Court should not have granted Summary Judgment based on perceived disparity between plaint-iff's sworn statement And medical Records doing so was an impermissible credibility deter-mination And weighing of contradictory evidence, Id. See Brooks Vs. Kyler, 204 F.3d 102, 107-08 & n.4 (3d Cir. 2000) "Noting that Pro Se prisoners generally cannot get indipendant medical evidence—

- And their own sworn statements are the best evidence available to them". Id. and See also, Green Vs. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) "Noting claim of falsification of medical records after a use of force" Id. whereas, in this case of Parnell R. May the medical records are missing specific medical facts, about the back and left knee injuries of the fact that, a left knee brace was prescribed to Parnell R. May on May 6th 2021, and that medication for pain relief was prescribed to Parnell R. May up untill he was transfered to A.D.C. around November 1st 2021. This court should understand that, the medical staff and other guards may write bias reports and make state-ments to protect the Defendants and the defendant will do the same to eachother -ments to protect the Defendants and the defendant will do the same to eachother - See, Sanders-El Vs. Spielman, 38 F. Supp. 2d 438, 439 n.1 (D.Md 1999) "stating "it would seem that the law must entertain the possibility that health care providers in a prison (just as guards/deputys and staff members at the Pulaski County jail) setting might bring certain biases to their occupation" Id., It was not a serious loss of control that it would reasonably justify the use of such excessive and continuous force, against Parnell R. May for having his leg stuck out the panhole, for an emergency reason of, a perpetrator of sexual harassment, being nearby his presence, and serving food trays to Parnell R. May, which was perceived to be a serious threat to Parnell R. Mays food by a person, as Deputy Tims who had sexually harassed Parnell R. May the day before,.

If there is a factual dispute whether force was used against an inmate (as Parnell R. May) - -was on March 21st 2021.) in quelling a disturbance, the defendants are not entitled to summary judgment, in accordance with federal caselaw, authority of Unwin Vs. Campbell, 863 F.2d at 130, whereas in this case of Parnell R. May, it was not a serious loss of control, and Parnell R. May could not contact any other staff guards, or supervi- -sor, by the cell room intercom, because it was broken, and Deputy Tims refused to contact, any other staff guards or supervisors at that moment, in time, for, Parnell R. May's urgent P.R.E.A. complaint, which was the Deputy Tims same actions, of refusing to Report, Parnell R. May's P.R.E.A. complaint, the day before, which, was the Deputy Tims actions of keeping Parnell R. May, from, making any P.R.E.A. complaint. Accordingly, Parnell R. May stuck his leg out the food trap/panhole, in hopes to get the attention of other staff, guards and supervisors, to, come to the T-Unit, and, and redress the matter, accordingly. As this court can see, the results, are evidence, that, Deputy Tims, was not wanting Parnell R. May to make any P.R.E.A. complaint against him (Deputy Tims),

Deputy Tims, did inflict excessive force, against Parnell R. May for wanting to tell other staff, guards and Supervisors About the P.R.E.A. incident, that did occure on March 20th 2021, in Regard of Deputy Tims sexually harassing Parnell R. May, which was, Retaliation for speech, where the First Amendment forbids prison officials/and jailers from retaliating against prisoners/inmates, for exercising the right of free speech, as Parnell R. May did on March 20th 2021, and before 11:07 Am March 21st 2021, when Parnell R. May had already told Sgt. Evans and Sgt. Bilbrook About the sexual harassment incident, which was Parnell R. May exercising the right to Petition the government for A Redress of Parnell R. May's grievance Accordingly, which was A Motivating factor for the excessive force that was inflicted Against Parnell R. May, consequently,. Reynolds Vs. Green, 184 F. 3d 589, 594 (6th Cir. 1999) "Plaintiff need show protected conduct was "A substantial or motivating factor, in Adverse action" Id. Even though Parnell R. May had stuck his leg out the feedtrap panhole, As A means to get the attention of other staff, and guards And Supervisors, whereas, there was No other way to get emergency and/or any immediate, urgent Assistance for Parnell R. May's position, because the call button inver-cams in the cell room were broken, and for two days Parnell R. May asked Deputy Tims, to call his Supervisors down to the T-Unit So he can file A P.R.E.A. complaint, And Deputy Tims refused to Report such A thing, which was Deputy Tims denying Parnell R. May's right to express free speech, by making A report about the sexual harassment, which was, in fact, A Protected conduct of Parnell R. May, that, was, first Retaliated against by Deputy Tims, Adverse action of Refusing to call down any superiors or other staff members for Parnell R. May's Request to make A Report About the sexual harassment incident, which had occured on March 20th 2021, and was, Reported at 1:47 Am March 21st 2021, to Sgt Evans and Sgt Bilbrook, which, more than Likely, gave Adequate Notice, somehow to the Next, shift Sgt. which was Sgt. Conners, at shift change, Accordingly, which Reasonably makes Sgt. Conners, involved, in the excessive force incident, Accordingly, where, Supervisory offi-cials who were not even present At the beating/excessive force incident, may be held Liable if the Plaintiff Parnell R. May can show that Sgt. Conners Actions, or, inActions (such as failure to Act Against Deputy Tims for misusing of force, which Led to the excessive force against Parnell R. May where by, the Agreement of Sergeant Conners and other Sgts, whom All Agreed that, the Deputy Tims, Spent too much time twisting and bending the Leg of Parnell R. May, which was Simply the Admittance of Deputy Tims using excessive force, Accordingly. Please See, at, (Doc#81-6) Exhibit A6 - P.R.E.A. Complaint Page 3, Accordingly it was Also A Confession-

-by Sgt. Musaddiq, Sgt. Conners and Sgt. Ezell, that, Deputy Tims was, in fact, Not properly trained, where, specifically, Sgt. Masaddiq had stated in his "Official Memorandum to the Chief Deputy Hendrix via chain of command, that, and I quote "I explained to Deputy Tims that the incident was a <u>teachable moment</u>. And that he spent too much time dealing with inmate May. Deputy Tims stated his supervisors Sergeant Conners and Ezell that day also agreed that he should have called for help sooner." Several Courts have found police Supervisors Liable for misuse of force by such Officers as Deputy Tims, based upon inadequate training, which holds the Defendants, to be Liable in their official capacity, which was wrongfully dismissed by this Court, at the start of this Civil Rights Lawsuit, See Davis Vs. Mason County, 927 F. 2d 1473, 1480-83 (9th Cir. 1991) "Policy of inadequate police training." Accordingly, that was a Material fact, in regard of the Sgt. Musaddiq, Sgt Conners and Sgt Ezell, as well as Deputy Tims, All of whom had admitted to the fact that, Deputy Tims, "Spent too much time", twisting and bending the Leg of Parnell R. May, which was simply "excessive force" being inflicted to Parnell R. May for a circumstance that was not necessary for such use of force, Accordingly, And that is in itself, a Clear Material fact, of a very genuine issue, in this very Civil Rights Lawsuit Case, <u>Deputy Tims injured Parnell R. May's Leg by twisting and bending it too much.</u> According with Federal Tort Claims Act, which, that statute Allows battery claims against the goverment/United States for Actions taken by federal Law enforcement officers "within scope of their Authority or under color of Federal Law." See 28 U.S.C. Section 2680(h), And prison and Jail staff will almost always be operating under color of Law. See Bolton Vs. U.S., 347 F. Supp. 2d 1218, 1222-23 (N.D. Fla. 2004), and See also, Vallo Vs. U.S., 298 F. Supp. 2d 1231, 1237 (D. N.M. 2003) 11th Circuit Federal Court has held that, "in 8th or 14th Amendment use of force cases which Require showing an "extreme" subjective element of malicius and sadistic intent, qualified immunity is not available once that showing has been made, See, Johnson Vs. Breeden, 280 F. 3d 1308, 1321 (11th Cir. 2002); Accord, Fennell Vs. Gilstrap, 559 F. 3d 1212, 1216-17 (11th Cir 2009), See also, Dean Vs. Thomas, 933 F. Supp. 600, 607-609 (S.D. Miss. 1996) "Acknowledging principle, finding these defendants Not immune", Just As the defendants Deputy Tims and Sgt. Conners did acknowlede that Deputy Tims "spent too much time" twisting and bending Parnell R. May's Leg, And should have called for assistance sooner, Accordingly, Deputy Tims knew better, yet, he chose to inflict such Excessive force Against Parnell R. May Accordingly, As it was showed in the Video footage.

Defendants, Argue that, "the moving party may discharge its burden by pointing out to the district court that, there is An absence of evidence to support the Non-Moving party's case," The movant may carry its burden with or without supporting Affidavits" See, Celotex supra. It is the Non-Movant who must go beyond the pleadings and, by affidavit, depositions or other substantive evidence designate specific facts, showing that there is a genuine issue for trial. Id (Emphasis added). Accordingly the Plaintiff Parnell R. May has showed that A constitutional violation by Deputy Tims did occured, as it was, described in the Plaintiff's Statement of Disputed facts, And the Plaintiff's Response And Brief in Opposition to the Defendants Motion for Summary judgment And the Plaintiff's Notorized Affidavit, accordingly,. Therefore the Plaintiff has went beyond the pleadings And by Affidavit As well As, other circumstantial evidence which was and still is substantial evidence, designating specific facts, showing that, there are genuine issues for a jury trial to decide, in Regard, of those material facts, About DeputyTims Retaliatory use of excessive force against Parnell R. May and Sgt Conners, who did know about Parnell R. May filling a P.R.E.A. Complaint against DeputyTims, Prior to the excessiveforce incident, And could have prevented it from occuring by simply Re-Assigning Deputy Tims to work in Another section of the Jail Facility until After a proper P.R.E.A. investigation was conducted And completeled, In the defendants conclusion, it appears As if the Defendants are not Actually disputing the existence of a Material fact of agenuine issue, about the Actual Material fact that, Deputy Tims did infact, inflict excessive force to Parnell R. May, After knowing that ParnellR. May had filed a P.R.E.A. complaint against him (DeputyTim) theday before, And that, the Deputy Tims, Action, of Retaliation, had started At first in the manner of Refusing to call for his (DeputyTims)supervisors, As Parnell May had Requested Deputy Tims, to doSo, before Deputy Tims ever touched Parnell R. May's Leg, on March 21st 2021, And that the Deputy Tims Level of Retaliation, against Parnell R. May had increased and had evolved from Refusing to call for Any Supervisor, to come feed or serve Parnell R. May his food tray, into the excessive force of bending and twisting Parnell R. May's Left Leg, and causing injuries, to the Left Leg And back of Parnell. R. May Accordingly, And, it is more Likely true than not true that Sgt. Conners knew About the P.R.E.A. Complaint against Deputy Tims, that same

- Morning Prior to the excessive-force Incident, just the same as Deputy Tims had known by the Deputy Stovall telling him (Deputy Tims) that early morning of March 21st 2021 during shift change, which it was very Reasonable to believe, that, Sgt Conners could have, prevented the whole event, by, simply just, Re-Assigning Deputy Tims to work at another section of the Jail facility, since, a P.R.E.A. complaint of Sex- -ual harassment had been filed, against him, (Deputy Tims) by Parnell R. May, accordingly that is such substantial Circumstantial evidence, that, proves that Sgt Conners had knowledge of the fact, that Parnell R. May had filed a P.R.E.A. Complaint against Deputy Tims the Night of March 20th 2021, by Deputy Smith, who gave a report to Sergeant Evans and Sergeant Bilbreck, who, more than Likely, did give adequate Notification to the very Next shift Sergeant, which was clearly the Sergeant Conners the Next shift sgt. to take over, along with his subordinate Deputy Tims. "Circumstantial ev- -idence, is evidence of a fact or facts, from which one can Reasonably infer or de- -duce a fact in issue." See Bennett Vs. Goord, 343 F.3d 133, 139 (2d Cir. 2003), "Stating "where:...circumstantial evidence of a Retaliatory motive is sufficiently compelling, direct evidence is not invariably Required." Id. Parnell R. May on the date of March 21st 2021, at about 11:04 am, Requested Repeatedly for Deputy Tims to call for his Supervisors, to, come down to the T-Unit, and Serve him (Parnell R May) his food tray and that he (Parnell R. May) will also tell that Supervisor about the Sexual har- -assment incident, and how you (Deputy Tims) should not even be around him (Parnell R. May) after filing the P.R.E.A. Complaint the day before,. Deputy Tims can be seen on the Video footage displaying a deliberate ignoring behavior, while, opening up the food trap panholes of cell Room 409, 410, 411, 412, 414, and finally he Reaches Cell Room 415, where Parnell R. May is assigned, the circumstantial evidence of Deputy Tims, deliberate ignoring behavior, suggest, that, something is being said to him, from the other side of the sub-dayRoom, from the direction of Cell Room #415, and in the video footage, there is the movement of a silhouette in the door window of the Cell- -Room #415, it is Circumstantial evidence, of, the fact, that Parnell R. May is Requesting for Deputy Tims to call his supervisors, accordingly, which, establishes the Prior, mo- -tive for Retaliation, in, Deputy Tims mind, and how to execute, Retaliation, in a way that would appear, as, doing his duty and job, accordingly, this was before Unlocking the food trap

A Retaliation claim essentially entails 3 elements, (1) Parnell May engaged in a protected conduct, which was wanting to file a P.R.E.A. Complaint, again with Deputy Tims supervisors in regard of the Prior, P.R.E.A. complaint filed with the other shift, Sergeant Evans and Sergeant Bilbrook, which was a right to petition the government for a redress of Parnell R. May's grievance accordingly, (2) An adverse action of, at first, the Refusal to Report the P.R.E.A. Complaint of Parnell R. May to his (Deputy Tims) supervisors, was the first stage of the the adverse action taken against Parnell R. May that would deter a person of ordinary firmness from continuing to engage in that, protected conduct, which was, wanting to file a P.R.E.A. complaint, again, with Deputy Tims Supervisors on that very shift, and (3) there was a casual connection between elements one and two- that, was the adverse action of Deputy Tims, Refusal to contact and/or report the P.R.E.A. Complaint, as Parnell R. May had repeatedly requested, before Deputy Tims, had touched Parnell R. May's left Leg, that was sticking out of that Panhole, for the very reason of Deputy Tims Refusal to Report the sexual harassment complaint, to his supervisors, which was motivated At Least, in part by the Plaintiff Parnell R. May's, protected conduct, of wanting to file a-nother P.R.E.A. Complaint with the Sergeant of the shift over Deputy Tims, and the Deputy Tims did not want Parnell R. May to succeed in doing such a thing, which, Led to Parnell R. May Not Able to Actually Legally being again, that Protected conduct of getting the Deputy Tims to Call his Supervisors So he (Parnell May) can file another P.R.E.A. Compl--aint, against Deputy Tims, with that shift Sergeant in hopes to feel safe, in eating food, See, Thaddeus-X Vs. Blatter, 175 F. 3d 378, 394 (6th Cir. 1999) (en banc), "Courts have stated the Retaliation standard in different ways, but they generally Amount to the same thing or close to it," Id. Retaliatory action must be serious enough to deter a "person of ordin--ary firmness" from exercising First Amendment Rights (As Parnell May was) However, the "Adverse Action" of Deputy Tims need not be unconstitutional all by itself in order to violate the Rule against Retaliation, See, Dawes Vs. Walker, 239 F. 3d 489, 491 (2d Cir. 2001) "... Courts must approach prisoner claims of retaliation with skepticism and particular care," Id. The First Amendment forbids Deputy Tims from any form of Retaliating against Parnell R. May for exercising the Right of free speech, as such was on March 21st 2021, before Parnell R. May stuck his Leg out of the food trap Panhole, whereas, Parnell R. May Requested to speak with a Supervisor of Deputy Tims so as to file a P.R.E.A. Complaint, where, in accordance with, Lewis Vs. Jacks, 486 F. 3d 1025, 1028-1029 (8th Cir. 2007) (citing Dixon Vs. Brown, 38 F. 3d 379, 379 (8th Cir 1994) "The filing of a prison grievance,—

12

-Like the filing of an inmate Lawsuit, is protected First Amendment activity" Thus, Parnell R. May's Use of the P.R.E.A. complaint procedure in place within the (PCRDF) would be protected act-ivity under the First Amendment, and however, it is, when Deputy Tims had Refused to call his supervisor, before he (Deputy Tims) had got to the cell Room door to open the feedtrap panhole of cell Room # 415 where Parnell R. May was assigned to, Parnell R. May spoke out Loud Requesting the Deputy Tims, to get on his Radio and call his supervisors, so as to, serve him (Parnell May) his feedtray, that, ever since he (Deputy Tims) sexually harassed him (Parnell May) it was very difficult to trust Deputy Tims to serve Parnell R. May any feedtray, where there existed the probability of deliberately contaminating Parnell R. May's feedtray by Deputy Tims, Accordingly, the very action of Deputy Tims, Refusal to call his supervisors, as Parnell R. May Requested in Regard of the P.R.E.A. incident, that had occured the day before, was, "The Reason why such Retaliation offends the Constitution, is that, it threatens to inhibit exercise of the pro--tected Right", as it was held in the case law of, Farrow Vs. West, 320 F. 3d 1235, 1248 (11th cir. 2003) Accordance with Crawford-EL Vs. Britton, 523 U.S. 574, 588 n.10, 118 S. Ct. 1584 (1998). Hobkins Vs. Lenvear, 395 F.3d 372, 375 (7th Cir. 2005) (per curiam) "Prisoners Are entitled to utilize available grievance procedures without threat of Recrimination". Accordingly, Deputy Tims, started his Adverse Action of Recrimination Against Parnell R. May in a very stealthy way, by first Refusing to just get on his portible Radio And call for his supervisor. If he (Deputy Tims) did not have anything to hide, or conceal, and was not guilty of sexually harassing Parnell R. May as it was asserted, then he (Deputy Tims) would have called his supervisor, to come down And receive Parnell R. May's P.R.E.A. complaint And feed Parnell R. May his feedtray, so as to Avoid, All of what had actually transpired, which Resulted in, Deputy Tims, small Adverse Action of Refusal to Report the P.R.E.A. Complaint of Parnell R. May, which would chill a person of ordinary firmness from continuing in the Protected conduct of wanting to speak with a supervisor, at that very moment in time, about the P.R.E.A. complaint, and feed issue, which, in fact, did chilled Parnell R. May's effort of using and exercising that protected conduct, of wanting to speak to a supervisor, at that moment in time, so as to, file a Report about the P.R.E.A. incident with that supervisor, Accordingly, Parnell R. May disapproved of Deputy Tims Refusal to Call for his supervisor, And Also Parnell R. May could not trust Deputy Tims to serve him (Parnell May) any feedtray, thus, disapproving of both, Parnell R. May, did not have any working innercom in the cell, so the most None-violent action of sticking his Leg out of the feedtrap, was the only option available.

The defendants, claim that, the excessive force incident, is in their favor, whereas, it was caught on video tape, whereas, the Plaintiff Parnell R. May, asserts that the excessive force incident, caught on video tape, is actually in Parnell R. May's favor, whereas, there exist the such Material disputed facts, which demands, a jury trial, in this case, whereas, had this Court seen the actual video footage of the entire 15 minutes of the Deputy Tims, using unnecessary physical force, that, was actually beyond minimal, or, any reasonable degree of physical force, which was Deputy Tims, actually bending Parnell R. May's Leg up into a position, that, was, clearly excessive, and, then converting over to, twisting Parnell R. May's Leg into a position, that, was clearly excessive, for a duration, that, should have or would have, been too much time, waisted, on, trying to physically force, a person's Leg, back into, a 5×15 inch feedtray/Panhole, of a steal cell room door, with that Person, (Parnell R May), securely Locked on the inside of the cell Room # 415, which would reasonably suggest, that, Parnell R. May, was not a physical threat, Nor, a security threat, to the degree, of such use of physical force, that, was, inflicted by Deputy Tims, on March 21st 2021,.

In Scott Vs. Harris, 550 U.S. 372, 127 S.Ct, 1769 (2007), where the U.S. Supreme Court held that when a videotape capturing the events in question exist, then the Court must consider the videotape in review of the facts for summary judgment. Id. at 378. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that, No Reasonable jury could believe it, a Court should not adopt that version of the facts for purpose of Ruling on a motion for summary judgment; See Scott Vs. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (U.S. 2007). The Plaintiff Parnell R. May, Asserts a story about the excessive force incident, that, is different than the defendants however, the story asserted by the Plaintiff, Parnell R. May, is about, the detailed accounts of the incident, that, has been, deliberately omitted by the defendants in their Motion for Summary Judgment. Brief in Support of Defendant's Summary judgment, Motion, and their so-called Statement of Indisputable Material facts, which, are Absolutely, disputable, by the Plaintiffs empirical, and, physical evidence, of the excessive force. that was inflicted by Deputy Tims, Against Parnell R. May, that did cause physical injury and pain to Parnell R. May's back and Left Leg. where Parnell R. May had to be prescribed, a Leg brace and given a back brace by Doctors, and/or Medical personnels at the (PRCDF) please see Plaintiff's exhibit E pages 1 and 2. And the Plaintiff's Sworn Affidavit, accordingly, the Plaintiff, Parnell R. May was given a Knee brace for his Left Leg injury on May 6th 2021, at the (PCRDF). by Nurse Forest Witherspoon.

Parnell R. May knew, that, the Normal ~~Procedure~~ Procedure that, the guards Nor-mally, do, in such circumstances, At the (PCRDF) is call for assistance on their por-tible Radio, or, on the telephone, when-ever, inmates stick their Arm or Legs or head out of the foodtrap panhole, And refuse to, put them back in, the guards Always call for someone of higher rank to come down to T-Unit And Talk to the inmate, which, mostly, comply with putting their extremities back inside the foodtrap panhole, without Any incident, At a Jury Trial, the defendants under sworn oath to tell the truth on the witness testifying stand, under Cross-examination by the Plaintiff, or, basically by the Confrontation Clause, for the purpose of getting the facts established by exposing the defendants, in person, as they state their testimony Recanting historical events, which is "prone to distortion or even manipulation," the jury can be able to assess the defendants demeanor, on the stand, while testifying about the excessive-force claim, the failure to protect claim and, the deliberate Indifference claim, Accordingly, the jury will see, hear, and clearly understand each defendants guilt, in this Case, accordingly. In Accordance with Melendez-Diaz Vs. Massachusetts, 557 U.S. 305, 318 129 S.Ct. 2527, 2536 174 L.Ed:2d 314 (2009), where it held that, "We do not have License to suspend the Confrontation Clause when a preferable trial strategy is Available." Id at, 318, 129 S.Ct. 2536. In this very Case of Parnell R. May, who prefers to use the trial strategy, provided. by, the Confrontation Clause, that, is provide, to Parnell R. May and guaranteed by the 6th Amendment to the United States Constitution, accordingly, Parnell R. May wishes for a Jury trial, so that, a Jury can see hear and Reasonably understand that, it was more Likely true than not true, that Deputy Tims did inflict excessive force that was unnecessary for such circumstances at that time, in Retaliation, whereas Deputy Tims, adverse action, of just Refusing to call his supervisors as Parnell R. May had request So as to, file another P.R.E.A. Complai-nt, and grievance about being served food, by a Perpetrator of sexual harassment," did deter, Parnell R. May at that moment in time, from exercising such First Amendment Rights, of free speech, accordin-gly, and that Deputy Tims Retaliation, evolved into the excessive force incident, and Deputy-Tims and Sgt. Convers and Ms. Bertha Lowe are Liable for their Roles in the deliberate Indifference of Delay in Medical Care and Treatment adequately for Serious Medical needs to Parnell R. May, acco-rdingly, and Sgt. Convers, failed to Reasonably Protect Parnell R. May, by Re-Assigning Deputy Tims After a P.R.E.A. Complaint was filed against Deputy Tims by Parnell R. May accordingly by due Process

## Conclusion

In regards of it being a genuine issue of Material facts, About the Deputy Tims, wrong- -fully using excessive force Against Parnell R. May, that, was actually unnecessary for such circumstances, whereby the Sergeant Musaddiq, the Sergeant Conners, And the Sergeant Ezell, are to be on Record each agreeing to the Material fact that Deputy Tims, had spent too much time, twisting and bending the Leg of Parnell R. May, in a foodtrap/panhole, And, that, he (Deputy Tims) should have called for Assistance sooner. (Please see, (Doc #81-6) Exhibit A-6 - P.R.E.A. Complaint Page 3,.

A Material fact is basically a fact that affects decision making as a fact upon which the outcome of All, or, part of a Lawsuit (such as this Lawsuit) depends,, a fact that would influence a Reasonable person under the circumstances in making a decision, of, whe- -ther, Deputy Tims, did use "too much" force Against Parnell R. May at that time of 11:07 Am, to 11:19 Am March 27ᵗʰ 2021, which Reasonably constituted excessive force, Accord- -ingly,.

Wherefore the Plaintiff Parnell R. May Prays that this court deny the defendants motion for summary judgment, based upon the foregoing reasons, Accordingly.

Respectfully Submitted
Sign: _Parnell R. May_ Prose
date: July 5ᵗʰ 2022

## Proof of Service

On July 5th 2022 I Parnell R. May Placed the foregoing documents "The Plaintiff's Response and Brief in Opposition to the Defendant's Motion for a Summary Judgment", "The Plaintiff's Statement of the Disputed facts," "The Plaintiff's Notarized Affidavit and Exhibit," into the Inmate Legal Mail Service at the A.D.C. to be mailed out, to, the Clerk of Court at the U.S. District Court, 600 West Capital Avenue, Suite #A-149 Little Rock, Arkansas, which shall file by electronically file, and send Notification by the CM/ECF system, to Melissa Dugger, At, mdugger@arcountfer.org. 1415 West 3rd Street Little Rock, Arkansas 72201, and, Alexandra Gabriell Ahlay, at, allie@sweethow firm.com. 24 West Park Place, Oklahoma City, OK, 73103, which shall be deemed Service, in Accordance with F.R.A.P. 25. Accordingly,

Respectfully
sign: Parnell R. May    ProSe