IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PARNELL R. MAY                                                        PLAINTIFF

v.                                    Civil No. 4:21-cv-00255

TIMS, *et al.*                                                       DEFENDANTS

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, Bertha Lowe, by and through her counsel of record and, pursuant to Fed. R. Civ. P. 56, Local Rule 7.2, and Local Rule 56.1, states the following in support of her Motion for Summary Judgment:

### Introduction

Plaintiff, Parnell May, has brought this action pursuant to 42 U.S.C. 1983, seeking to recover for alleged violations of his constitutional rights. Plaintiff alleges that Defendant "Nurse Lowe and/or the Acting Charge Nurse" denied him medical treatment in deliberate indifference to his serious medical needs. Plaintiff's cause of action arises from the care and treatment of his back and leg pain complaints during his incarceration at the Pulaski County Regional Detention Center ("PCRDC") from March 21, 2021 through November 2021. *See* ECF Doc. 2, *Compl.* and ECF Doc. 6 & 7, *Supp. to Compl.*

Plaintiff's specific factual allegations are as follows: that on March 20, 2021, he made a PREA complaint against Defendant Deputy Tims (ECF Doc. 2 at 2-8); that he Deputy Tims sexually harassed him by making sexually derogatory comments and unwelcome gestures (ECF Doc. 2 at 6-8); that on March 21, 2021, Deputy Tims used excessive force against him, causing injury to his left leg and back, in retaliation for his PREA complaint (ECF Doc. 2 at 2-8); that

1

Sergeant Conners ignored his requests for help when Tims retaliated (ECF Doc. 2 at 2-8); that he made multiple requests for treatment of his injuries over a period of five days (ECF Doc. 2 at 9); and that Defendant "Nurse Lowe" and/or the acting charge nurse denied him treatment for his injuries (ECF Doc. 2 at 9). Plaintiff's official capacity claim against Defendant has already been dismissed by the Court. *See* ECF Doc. 13, *Order Adopting Report and Recommendation* (ECF Doc. 9 at pp. 11-13).

As explained herein, Plaintiff's claims against Defendant Bertha Lowe is without merit, and Defendant is entitled to summary judgment. Plaintiff has not, and cannot, present evidence of a constitutional violation in this case. The evidence in this case is undisputed that Plaintiff received timely, appropriate care for his medical condition, that Defendant Lowe never denied or delayed access to medical care nor has she ever interfered with treatment once prescribed. The evidence also shows that Plaintiff was not denied or delayed access to medical care at any time during his incarceration at the PCRDC, and Plaintiff cannot prove that Defendant (or any other medical provider for Turn Key Health Clinics) has been deliberately indifferent to any serious medical need such that a violation of a constitutional right occurred, nor can Plaintiff show that any constitutional right was violated.

In fact, the evidence presented shows that Bertha Lowe was not involved in Plaintiff's patient care or medical decision-making in any capacity, that Turn Key medical personnel provided Plaintiff with adequate medical care, and that Plaintiff received a continuous course of treatment consistent with his complained-of symptoms throughout his incarceration at the PCRDC.

Because Plaintiff cannot meet his *prima facie* burden of proving his claims against Defendant Bertha Lowe, summary judgment is proper pursuant to Rule 56. FED. R. CIV. P. 56(c).

**Argument and Authorities**

## I.  Summary Judgment Standard.

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Rule 56(c) of the Federal Rules of Civil procedure provides, in pertinent part, that summary judgment should be granted, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *also Maitland v. University of Minnesota,* 155 F.3d 1013, 1015-16 (8th Cir. 1998).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Furthermore, in cases where the plaintiff bears the burden of proof on essential claims, a defendant need only produce affirmative evidence negating an essential element of the claim or show that plaintiff lacks evidence to carry his burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Augustine v. GAF Corp.*, 971 F.2d 129, 132 (8th Cir.1992) (explaining that the moving party need only "point…out to the court…that there is an absence of evidence to support the non-moving party's cause.").

"Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*,

165 F.3d 602, 607 (8th Cir.1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir.1985)). Accordingly, the non-moving party must go beyond the pleadings and self-serving beliefs and must, by admissible evidence, set forth specific facts showing that there is a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 249; *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995). Furthermore, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007).

"[M]otion[s] for summary judgment can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those cases that really do raise genuine issues of material fact." *City of Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273 (8th Cir.1988). Thus, summary judgment is not disfavored and should be entered "against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp.*, 477 U.S. at 327.

## II.  Deliberate Indifference Standard.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety

4

and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976) (*citing Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925 (1976).

"To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir.1999). Deliberate indifference is equivalent to the criminal law standard of recklessness—"a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir.2004), *quoting Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Each step of this inquiry is fact intensive. *Hartsfield v. Colburn*, 491 F.3d 394, 396–97 (8th Cir. 2007).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Munn v. Morris*, No. 4:11-CV-4085, 2013 WL 4442031, at *8 (W.D. Ark. Aug. 16, 2013), *aff'd,* 557 F. App'x 640 (8th Cir. 2014), *citing Popoalii v. Correctional Med. Servs*, 512 F.3d 488, 499 (8th Cir.2008). Moreover, "[i]t is well settled that a 'prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation.'" *Munn*, at *8, *quoting Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir.2010). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff

deliberately disregarded the inmate's needs by administering inadequate treatment." *Id*. "Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference." *Munn, id.*, *citing Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir.1990). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law. *Marksberry v. O'Dea*, 173 F.3d 855, 1999 WL 98533 at *2 (6th Cir. 1999) (quoting *Westlake v. Lucas*, 537 F 2d 857, 860 n 5 (6th Cir. 1976)).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." *Hudson v. McMillan*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L.Ed. 2d 156 (1992). "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997) (per curiam). Moreover, for non-medical staff to be found deliberately indifferent, Plaintiff must show that the staff either believed or had actual knowledge that the prison doctor or medical staff was mistreating him. *Roach v. SGI Graterford Med. Dept.*, 398 F.Supp.2d 379 (E.D. Pa. 2005).

"The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). An inmate does not have a constitutional right to the medical care of his choosing. A mere difference in opinion "over matters of expert medical judgment or a course of medical treatment fails to give rise to the level of a constitutional violation." *Meuir v. Greene Cty. Jail Employees*, 487 F.3d 1115, 1118 (8th Cir.

6

2007). See also *Smith v. Marcantonio*, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement over a course of medical treatment is insufficient to state a claim for relief); *Miskovitch v. Hostoffer*, 721 F.Supp. 2d 389 (W.D. Pa. 2010) (holding that disagreement as to the choice of medical treatment is not a constitutional violation because there is no right to the treatment of one's choice); *Barnes v. Ross*, 926 F.Supp.2d 499 (S.D.N.Y. 2013) (noting that the fact that a prisoner might prefer a different treatment does not give rise to a constitutional violation). In fact, failing to comprehend the severity and urgency of a prisoner's medical condition is at most negligence, not deliberate indifference. *Myrie v. Calvo*, 615 F.Supp.2d 246 (S.D.N.Y. 2009).

"When a delay in medical treatment is the alleged constitutional deprivation, the objective seriousness of the deprivation, must also be measured by reference to the effect of delay in treatment. As a result, to succeed on a delay in medical treatment claim, the plaintiff 'must place verifying medical evidence in the records to establish the detrimental effect of delay in medical treatment.'" *De Rossitte v. Correct Care Sols., Inc.*, No. 6:17-CV-06043, 2019 WL 8504615, at *13 (W.D. Ark. Sept. 11, 2019), *report and recommendation adopted*, No. 6:17-CV-06043, 2020 WL 564819 (W.D. Ark. Feb. 5, 2020), *quoting Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005). On summary judgment, a plaintiff must offer evidence a delay in treatment had a detrimental effect. In the absence of such evidence, a plaintiff "fail[s] to raise a genuine issue of fact on an essential element of his claim." *Id*.

A. **PROPOSITION: Plaintiff cannot meet his *prima facie* burden of proving his individual capacity claim against Defendant Bertha Lowe.**

   i. ***Plaintiff cannot meet his* prima facie *burden to prove the Subjective Component of the Deliberate Indifference Standard against Defendant Lowe.***

Plaintiff cannot prevail on his deliberate indifference claim against Defendant Bertha

Lowe, because he has not, and cannot, present evidence sufficient to establish the subjective component of the deliberate indifference standard against her. The evidence is uncontroverted that Ms. Lowe is not now, nor has she ever been, a healthcare professional; as such, the evidence is undisputed that Ms. Lowe has not ever provided patient care or participated in Plaintiff's medical decision-making. *See* Exhibits 2, 3, 4, 5, 6.

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." *Hudson v. McMillan*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L.Ed. 2d 156 (1992). "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997) (per curiam). As noted above, it is undisputed that Ms. Lowe is not a medical professional and is, therefore, a layperson. *See* Exhibit 2. For non-medical staff to be found deliberately indifferent, Plaintiff must show that the staff either believed or had actual knowledge that the prison doctor or medical staff was mistreating him. *Roach v. SGI Graterford Med. Dept.*, 398 F.Supp.2d 379 (E.D. Pa. 2005).

Here, Plaintiff alleges he was provided with inadequate treatment at the jail, and that the all Turn Key medical personnel collectively denied him care for his back and leg pain complaints. ECF Doc. 2, *Compl.* and ECF Docs. 6 & 7, *Supp. to Compl*. Specific to Ms. Lowe, Plaintiff alleges that either Ms. Lowe and/or an unidentified "Active Charge Nurse" denied him medical care on March 21, 2021. ECF Doc. 2, p. 10. Plaintiff has made no individual, particularized allegations specific to Ms. Lowe. *Id*. Consequently, Plaintiff has failed to make any showing of personal participation in any underlying constitutional violation by Ms. Lowe.

The evidence is undisputed in this case that Ms. Lowe had no personal involvement in Plaintiff's medical care or medical decision-making. *See* Exhibits 2, 3, 4, 5. The evidence is further

undisputed that Ms. Lowe never witnessed any deliberate indifference or gross negligence on the part of any Turn Key medical professional which would have put her on notice that Plaintiff was suffering from a serious medical condition requiring treatment. *See* Exhibit 2, 4. The evidence is undisputed that Plaintiff in fact *did* receive a continuous course of medical care and treatment, including numerous examinations by qualified medical professionals and pain medications, beginning on the date of his first complaint of back and knee pain. *See* Exhibits 2, 3, 4, 5.

Plaintiff has failed to put forth any evidence in support of his claims against Ms. Lowe, and Plaintiff has failed to make any showing that Ms. Lowe appreciated any risk of harm to Plaintiff and disregarded the same. To the contrary, the evidence is undisputed that Plaintiff's medical condition was at all times being treated by medical personnel. *See* Exhibits 2, 3, 4, 5. The evidence is further undisputed that Ms. Lowe had no involvement with Plaintiff's care, treatment, or medical decision-making when Plaintiff filed this litigation, or at any time thereafter. Exhibits 2, 3, 4, 5. The evidence is also undisputed that Ms. Lowe did not deny access to care, delay care, or interfere with any medical care once prescribed. *See* Exhibits 2, 3, 4, 5. Finally, the evidence is undisputed that Ms. Lowe's *only involvement* related to Plaintiff's claims in this lawsuit is limited to Ms. Lowe providing information in response to a Grievance that was submitted by Plaintiff *the day after he filed this lawsuit*.

Ms. Lowe's involvement, which was limited to reviewing Plaintiff's Grievance filed after this lawsuit had already been filed, is not a sufficient basis for imposing liability for the denial of medical care in violation of the Eighth Amendment. *See* Rowe v. Norris, 198 F. App'x 579, 580 (8th Cir. 2006) (noting that participation in the grievance process alone is insufficient to establish liability under § 1983); *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of

rights."); and also *Elliot v. Hall*, No. 1:19-CV-57-DPM-ERE, 2021 WL 5480669, at *6 (E.D. Ark. Nov. 2, 2021), *report and recommendation adopted sub nom. Elliott v. Hall*, No. 1:19-CV-57-DPM, 2021 WL 5458217 (E.D. Ark. Nov. 22, 2021).

Plaintiff cannot mee this *prima facie* burden of establishing deliberate indifference on the part of Defendant Bertha Lowe, and summary judgment is proper.

### ii.   *Plaintiff cannot meet his* **prima facie** *burden to prove the Objective Component of the Deliberate Indifference Standard.*

Summary judgment is also proper because Plaintiff has failed to put forth any verifying medical evidence sufficient to establish that he suffered any harm as a result of the failure to refer him to surgeon for a cholecystectomy. Where a claim of deliberate indifference involves an alleged delay in providing medical treatment, "[t]he objective seriousness of delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record." *Munn* at *9, *citing Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir.2005).

There is no verifying medical evidence in the record to indicate Plaintiff suffered any injury, harm, or considerable pain due to Bertha Lowe. Plaintiff has no expert who can opine to the same, nor has Plaintiff presented any verifiable medical evidence that he has suffered any harm as a result of the acts and/or omissions of Defendant Bertha Lowe. Summary judgment is appropriate because—notwithstanding his allegations in his Complaint—Plaintiff has not, and cannot, establish that he has suffered any harm as a result of the any conduct of Bertha Lowe.

Moreover, the evidence is undisputed that throughout his incarceration Plaintiff was provided with a continuous course of treatment which was consistent with his complaints, and he was receiving pain medication pursuant to provider orders throughout his incarceration. *See* Exhibits 2, 3, 4, 5. *See Logan v. Clarke*, 119 F.3d 647, 649–50 (8th Cir.1997) (no deliberate indifference when the inmate was seen on multiple occasions and offered pain killers*); see also*

10

*Christianson v. McLean County Sheriff's Dept.*, 2010 WL 3421083, at n. 2 (D.N.D. Aug. 3, 2010) (plaintiff's claim that he was not taken to the emergency room for treatment upon his demand but instead forced to submit to examination pursuant to the jail's procedures is nothing more than disagreement with medical treatment and brief delays in treatment, standing alone, do not give rise to section 1983 liability). Accordingly, summary judgment is appropriate.

  **iii.  *Plaintiff cannot meet his* prima facie *burden of proving injury-in-fact.***

   Plaintiff cannot show an injury-in-fact resulted from any action of inaction of Defendant Bertha Lowe. *See Smith v. Arkansas Dep't of Correction*, 103 F.3d 637, 643—44 (8th Cir. 1996) (noting that a plaintiff must "demonstrate, among other things, either an actual or imminent injury in fact."). *See also Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011) (detainee has the burden of showing "that the defendants' conduct caused the harm of which [he] complains."). In this case, the evidence is undisputed that Plaintiff has suffered no injury as a result of Defendant Lowe's acts and/or omissions. *See* Exhibits 2, 3, 4, 5.

## <u>Conclusion</u>

   For the reasons stated in the foregoing Brief, Defendant Bertha Lowe respectfully requests that this Court grant her Motion for Summary Judgment, dismiss Plaintiff's case against her with prejudice, and grant her any and all other relief to which she may be entitled.

           Respectfully submitted,

           Alexandra G. Ah Loy, # 2020020
           SWEET DEWBERRY HUBBARD
           24 West Park Place
           Oklahoma City, OK 73103
           Office: (405) 601-9400
           Fax: (405) 601-9444
           E-mail: allie@sdh.law
           *Attorney for Defendant Bertha Lowe*

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on the 18th day of July, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF parties of record, and by mailing a First Class Post-Prepaid copy of the same to the following party of record:

Parnell R May
ADC #153557
Cummins Unit
P.O. Box 600
Grady, AR 71644
*Pro Se Plaintiff*

_____
Alexandra G. Ah Loy

12